IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THERESA LEININGER on behalf of herself and all others similarly situated;<br><br>     Plaintiff,<br><br>vs.<br><br>MAMMOTH TECH, INC;<br><br>     Defendant. | Case No.: 3:22-cv-00394-JZ<br><br>JUDGE JACK ZOUHARY |

### MOTION FOR DEFAULT JUDGMENT, AN ORDER SETTING LIMITED DISCOVERY AND A HEARING ON DAMAGES

Now comes, Theresa Leininger ("Plaintiff") on behalf of herself and on behalf of all similarly situated former employees (the "Class"), by and through Plaintiff's counsel respectfully moves for default judgment against Defendant Mammoth Tech, Inc. ("Defendant") pursuant to Fed. R. Civ. P. 55, on the grounds that Defendant failed to answer this matter's Complaint and has failed to appear or otherwise defend this action. In support thereof, Plaintiff states as follows:

1.  Plaintiff filed a class action complaint ("Complaint") for violations of the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101-2109 et seq. (the "WARN Act") on March 11, 2022 (Doc. 1).

2.  The WARN Act provides a cause of action for any employee who suffers a covered employment loss without having received the statutorily required notice and expressly provides that "[a] person seeking to enforce such liability … may sue either for such person or for other persons similarly situated, or both, in any district court of the United States …" See, 29 U.S.C. §

2104(a)(5). The damages provision of the WARN Act is set out in 29 U.S.C. § 2104 as follows: "(1) Any employer who orders a plant closing or mass layoff in violation of section 2102 of this title shall be liable to each aggrieved employee who suffers an employment loss as a result of such closing or layoff for—(A) back pay for each day of violation at a rate of compensation not less than the higher of—(i) the average regular rate received by such employee during the last 3 years of the employee's employment; or (ii) the final regular rate received by such employee; and (B) benefits under an employee benefit plan described in section 1002(3) of this title, including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan if the employment loss had not occurred. Such liability shall be calculated for the period of the violation, up to a maximum of 60 days, but in no event for more than one-half the number of days the employee was employed by the employer."

3. Defendant was served pursuant to Fed. R. Civ. P. 4(e) with the summons and Complaint via certified mail at 1250 Geneva Boulevard, Defiance, OH 43512 (Defendant's business address listed with the State of Ohio) on March 19, 2022 (Doc. 4-See Exhibit A, attached hereto). Given the date of service, response was due on April 11, 2022. Defendant has failed to respond.

4. Therefore, Plaintiff, on her own behalf, and on behalf of the Class, seeks a default judgment against the Defendant, in favor of herself and the Class. An Application for Entry of Clerk's Default has been filed. A copy is attached.

5. The Plaintiff is also seeking a hearing on damages as well as damage categories (after some limited time for discovery) due to the complexities of the class action nature of this matter.

July 14, 2022

                         **Brennan, Manna & Diamond, LLC**

                         /s/ Jeffrey C. Miller
                         Jeffrey C. Miller (0068882)
                         200 Public Square, Suite 3270
                         Cleveland, Ohio 44114
                         Phone: (216) 658-2155
                         Fax: (216) 658-2156
                         Email: jcmiller@bmdllc.com

- And-

                         **LANKENAU & MILLER, LLP**
                         Stuart J. Miller (SJM 4276)
                         100 Church Street, 8th FL
                         New York, NY 10007
                         P: (212) 581-5005
                         F: (212) 581-2122

                         **THE GARDNER FIRM**
                         Mary E. Olsen (OLSEM4818)
                         M. Vance McCrary (MCCRM4402)
                         182 St. Francis Street
                         Suite 103
                         Mobile, Alabama 36602
                         P: (251) 433-8100
                         F: (251) 433-8181

                         *Attorneys for Plaintiff and the putative class*