IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THERESA LEININGER on behalf of herself and all others similarly situated; <br><br> Plaintiff, <br><br> vs. <br><br> MAMMOTH TECH, INC; <br><br> Defendant. | Case No.: 3:22-cv-00394-JZ <br><br> JUDGE JACK ZOUHARY |

### RENEWED REQUEST FOR DEFAULT JUDGMENT FOLLOWING CLASS CERTIFICATION

Now comes, Theresa Leininger ("Plaintiff" or "Class Representative") on behalf of herself and on behalf of the certified class of similarly situated former employees she represents (the "Class"), by and through Class Counsel, and respectfully submits this renewed request for default judgment and the quantification of damages against Defendant Mammoth Tech, Inc. ("Defendant") pursuant to Fed. R. Civ. P. 55, on the grounds that Defendant failed to answer this matter's Complaint and has failed to appear or otherwise defend this action. Plaintiff seeks an award of WARN Act wages against Defendant on behalf of herself and on behalf of the Class in the total amount of Two Million Four Hundred Three Thousand Six Hundred Sixty-Seven Dollars and Ninety-Eight Cents ($2,403,667.98). In support thereof, Plaintiff states as follows:

1. On March 11, 2022, Plaintiff, through undersigned counsel, filed the above captioned litigation (the "WARN Litigation") on behalf of herself and on behalf of all similarly situated former employees against Defendant to recover sixty (60) days' pay and benefits under the Worker Adjustment and Retraining Notification (WARN) Act of 1988 (29 U.S.C. §§ 2101 - 2109). (Doc. 1).

2. Defendant was served pursuant to Fed. R. Civ. P. 4(e) with the summons and Complaint via certified mail at 1250 Geneva Boulevard, Defiance, OH 43512 (Defendant's business address listed with the State of Ohio) on March 19, 2022. Given the date of service, response was due on April 11, 2022. Defendant failed to respond.

3. In the WARN Litigation, Plaintiff alleges that she, along with close to five hundred other similarly situated former employees (the "Other Similarly Situated Former Employees"), suffered an employment loss, without cause on their part, as a result of the plant closing ordered by Defendant at its facility located in Defiance, OH (the "Facility") on or about March 2, 2022. Plaintiff further alleges that, prior to their terminations, neither Plaintiff nor the Other Similarly Situated Former Employees received written notice that complied with the requirements of the WARN Act.

4. As a brief overview, the WARN Act requires in general that an employer give sixty days' advance written notice to affected employees, before ordering a mass layoff or plant closing. *See* 29 U.S.C. § 2102; *see also*, *Calloway v. Caraco Pharm. Labs., Ltd.*, 800 F.3d 244, 251 (6th Cir. 2015) ("The WARN Act requires employers to give a

60-day notice to affected employees before a plant closing or mass layoff."). The goal of the WARN Act is to "give workers and their families some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter skill training or retraining that will allow these workers to successfully compete in the job market." *Calloway,* 800 F.3d at 251, *quoting* 20 C.F.R. § 639.1 (a). The notice must be given by a method that is reasonably designed to ensure "receipt of notice at least 60 days before separation." 20 C.F.R. § 639.8. (See, Declaration of Mary E. Olsen ("Olsen Declaration") Para. 6).

5. As shown, the general rule under the WARN Act is that notice must be given sixty days in advance, 29 U.S.C. § 2102(a); and if it is not, then the employer is liable for back pay to each aggrieved employee for "each day of the violation," 29 U.S.C. § 2104(a). Courts have consistently held that an employer that does not comply with the WARN Act's statutory notice mandate is barred from relying on any WARN statutory defenses as a matter of law and is liable for the full sixty days' wages and benefits for each affected employee. *See*, *e.g.*, *In re Quantegy, Inc.*, 343 B.R. 689, 695-96 (Bankr. D. Ala. 2006); *In re Tweeter Opco, Inc.*, 453 B.R. 534, 546-47 (Bankr. D. Del. 2011); *Organogenesis*, 331 B.R. 500 (D. Mass. 2005). (Olsen Declaration, Para. 7).

6. The WARN Act allows a person seeking to enforce WARN liability to sue on behalf of other persons similarly situated. 29 U.S.C. § 2104(a)(5). (Olsen Declaration, Para. 8).

7. On July 14, 2022, Plaintiff applied for entry of default. (Doc. 5) and also filed a motion for default judgment, setting limited discovery and a hearing on damages (Doc. 6).

8. On July 15, 2022, the Clerk entered a default against Defendant. (Doc. 7)

9. On August 16, 2022, the Court entered a notice of hearing on Plaintiffs' motion for default. The hearing was set for September 9, 2022.

10. On September 6, 2022, Plaintiff's counsel filed a declaration in support of default judgment and damages. (Doc. 8).

11. At the hearing on September 9, 2022, the Court indicated concerns that a class had not been certified and later entered an Order granting Plaintiff leave to file an amended request or supplemental materials by October 10, 2022. (Doc. 10). (Olsen Declaration, Para. 13).

12. Plaintiffs thereafter filed a motion to extend the time period to submit supplemental materials through and including October 20, 2022. (Doc. 13). This motion was granted on October 11, 2022.

13. On October 20, 2022, Plaintiff filed a motion for class certification. (Doc. 14).

14. The Court set a hearing on November 1, 2022 on the motion for class certification.

15. During the hearing on November 1, 2022, the Court determined that the motion for class certification should be granted. (Olsen Declaration, Para. 17).

16. On November 3, 2022, the Court entered an Order certifying a class pursuant to Fed. R. Civ. P. 23 comprised of all former employees of Defendant who worked at, or reported to, or were assigned work from the facility located at 1250 Geneva Boulevard, Defiance, OH 43512 (the "Facility") and were terminated, without cause on their part, on or about March 2, 2022 and thereafter, who do not file a timely request to opt-out of the class (the "Class"); (b) appointing Plaintiff as Class Representative; (c) appointing The Gardner Firm, P.C., Lankenau & Miller, LLP and Brennan, Manna & Diamond, LLC as Class Counsel; (d) approving the form and manner of Notice to the Class. Notice to the class was to be mailed within ten days of entry of the Order and any Class members who wished to opt-out were to complete and submit the opt-out form (included with the Class Notice) to Ms. Olsen so that it was received by Ms. Olsen no later than thirty-five days after the date of mailing. All requests for exclusion received after that date would not be effective, and any person who sent a late request would be a member of the Class and would be bound in the same way and to the same extent as all other Class Members. (Doc. 15).

17. The Court-approved Class Notice was mailed to the Class members on November 11, 2022 and contained an opt-out deadline of December 16, 2022. Only one Class member (Mackenzie R. Monteith) chose to exclude themselves by submitting an

opt-out form to Ms. Olsen, which was received on November 29, 2022. (Olsen Declaration, Para. 19).

18. On December 20, 2022, the Court entered an Order denying the motion for default without prejudice and permitting Plaintiff to renew the damages request following establishment of Class membership. (Olsen Declaration, Para. 20).

19. Here, Plaintiff seeks WARN Act pay for herself and each of the Class members, as reflected on the spreadsheet attached to the Declaration of Madeline M. Cordes. (Olsen Declaration, Para. 21; Declaration of Madeline M. Cordes ("Cordes Declaration")).

20. Ms. Cordes, a former staff accountant of Defendant, confirmed that the spreadsheet accurately reflects the information in the Defendant's books and records on or about March 2, 2022 concerning the 455 Class Members (excluding the opt-out) who worked at or reported to the Facility at the time of the plant closing, along with their hourly wage rates, and status as a "Salaried", "Full Time" or "Part Time" employee. (Olsen Declaration, Para. 22; Cordes Declaration Paras. 2, 6).

21. Ms. Cordes stated in her declaration that as a general matter, Defendant's Salaried employees were paid their hourly rate multiplied by 40 hours per week; Defendant's Full-Time Employees were paid their hourly rate multiplied by 8 hours per day, typically 5 days a week and Defendant's Part-Time employees were paid for hours

worked during the pay period, which varied from pay period to pay period. (Olsen Declaration, Para. 22; Cordes Declaration Paras. 7-9).

22. In order to assist with the estimation of the Part-Time employees' working hours for the theoretical 60-day period covered by Class Counsel's calculation of the WARN Act wages contained on Exhibit A, to her declaration, Ms. Cortes reviewed the Defendant's 2/25/2022 payroll and obtained the actual bi-weekly hours worked for 53 out of the 64 Part-Time employees shown. Based on the part-time hours she was able to locate, she determined an average number of biweekly hours (that is, 44 hours) for the remaining 11 Part-Time employees. (Olsen Declaration, Para. 24; Cordes Declaration Para. 10).

23. Ms. Cordes reviewed the formula used by Class counsel for calculating the Class member WARN Act wage amounts for the theoretical sixty day period which was as follows: Salaried employees' WARN Act wage amounts were determined by multiplying their hourly rate by 40 hours by 8.5714 weeks ((Hourly Rate × 40 Hours) × 8.5714 Weeks); Full Time employees' WARN Act wage amounts were determined by multiplying their hourly rate by 8 hours by 43 days ((Hourly Rate × 8 Hours) × 43 Days); the Part Time employees' WARN Act wage amounts were determined by taking the actual hours worked for the bi-weekly period reflected on the 2/25/22 payroll, where available (this was done for 53 Part-Time employees), or using an average of 44 hours for the bi-weekly period where data from the 2/25/22 payroll was unavailable (this was done for 11 Part-Time employees) these hours were then divided by 14 to arrive at a daily rate which

was then multiplied by 60 (((Biweekly Hours × Hourly Rate) ÷ 14 Days) × 60 Days).who I could not locate on the 2/25 payroll) were multiplied by each employee's hourly rate of pay; the product of that multiplication was then divided by 14 (the number of days within the biweekly working period) to arrive at a daily rate; that quotient was then multiplied by 60 to determine pay for a theoretical 60 day period. (Olsen Declaration, Paras. 25-27; Cordes Declaration Para. 11).

24. Ms. Cordes indicates in her declaration that she believes that the above formula is reasonable under the circumstances for calculating the wages of the Class members during a theoretical 60 day period and asks the Court to approve the Class damages, in the total amount of Two Million Four Hundred Three Thousand Six Hundred Sixty-Seven Dollars and Ninety-Eight Cents. (Olsen Declaration, Para. 27; Cordes Declaration Para. 12).

Accordingly, Plaintiff respectfully requests entry of default judgment against Defendant and in favor of the Class for the WARN Act wages in the amount of Two Million Four Hundred Three Thousand Six Hundred Sixty-Seven Dollars and Ninety-Eight Cents ($2,403,667.98) and as shown on Exhibit A to the Cordes Declaration.

March 1, 2023                                             Respectfully submitted,


                                                     **Brennan, Manna & Diamond, LLC**

                                                     /s/        John Childs
                                                     John N. Childs (0023489)
                                                   Angelina C. Gingo (0089060)
                                                   200 Public Square, Suite 3270
                                                   Cleveland, Ohio 44114
                                                   Phone: (216) 658-2155
                                                   Fax: (216) 658-2156
                                                   Email: jcmiller@bmdllc.com


- And-

                                                 **THE GARDNER FIRM**
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
182 St. Francis Street
Suite 103
Mobile, Alabama 36602
P: (251) 433-8100
F: (251) 433-8181

**LANKENAU & MILLER, LLP**
Stuart J. Miller (SJM 4276)
100 Church Street, 8th FL
New York, NY 10007
P: (212) 581-5005
F: (212) 581-2122

***Attorneys for Plaintiff and the Class***

9

## CERTIFICATE OF SERVICE

  I hereby certify that on this 1st day of March, 2023, a copy of the foregoing was filed electronically. Parties may access this filing through the Court's electronic filing system.

                /s/  John Childs

4871-4220-6036, v. 1