IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Theresa Leininger,                     Case No. 3:22 CV 394
*on behalf of herself and all others
similarly situated,*                 ORDER APPROVING RENEWED
                                       REQUEST FOR DEFAULT JUDGMENT
                Plaintiff,             FOLLOWING CLASS CERTIFICATION

              -vs-                       JUDGE JACK ZOUHARY

Mammoth Tech Inc.,

              Defendant.

      Before this Court is the renewed Motion (Doc. 16) by Theresa Leininger ("Plaintiff" or "Class Representative") on behalf of herself and on behalf of the certified class of similarly situated former employees she represents (the "Class") for default judgment and quantification of damages against Defendant Mammoth Tech, Inc. ("Defendant") pursuant to Federal Civil Rule 55, on the grounds that Defendant failed to answer Plaintiff's Complaint and has failed to appear or otherwise defend this action. The relief sought in Plaintiff's renewed Motion, adequately supported, provides sufficient evidence to reasonably demonstrate the amount of the Class WARN Act wages owed under 29 U.S.C. § 2104(a)(1)(A).

      On March 11, 2022, Plaintiff filed the above captioned litigation (the "WARN Litigation") on behalf of herself and on behalf of all similarly situated former employees against Defendant to recover sixty (60) days' pay and benefits under the Worker Adjustment and Retraining Notification (WARN) Act of 1988 (29 U.S.C. §§ 2101 - 2109) (Doc. 1).

Defendant was served pursuant to Federal Civil Rule 4(e) with the Summons and Complaint via certified mail at 1250 Geneva Boulevard, Defiance, OH 43512 (Defendant's business address listed with the State of Ohio) on March 19, 2022. Given the date of service, response was due on April 11, 2022. Defendant failed to respond.

In the WARN Litigation, Plaintiff alleges that she, along with nearly five hundred other similarly situated former employees (the "Other Similarly Situated Former Employees"), suffered an employment loss, without cause on their part, as a result of the plant closing ordered by Defendant at its facility located in Defiance, OH (the "Facility") on or about March 2, 2022. Plaintiff further alleges that, prior to their terminations, neither Plaintiff nor the Other Similarly Situated Former Employees received written notice that complied with the requirements of the WARN Act.

The WARN Act requires, in general, that an employer give sixty days' advance written notice to affected employees before ordering a mass layoff or plant closing. *See* 29 U.S.C. § 2102. *See also Calloway v. Caraco Pharm. Labs., Ltd.*, 800 F.3d 244, 251 (6th Cir. 2015) ("The WARN Act requires employers to give a 60-day notice to affected employees before a plant closing or mass layoff."). The goal of the WARN Act is to "give workers and their families some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter skill training or retraining that will allow these workers to successfully compete in the job market." *Calloway*, 800 F.3d at 251, (*quoting* 20 C.F.R. § 639.1(a)). The notice must be given by a method that is reasonably designed to ensure "receipt of notice at least 60 days before separation." 20 C.F.R. § 639.8.

The general rule under the WARN Act is that notice must be given sixty days in advance, 29 U.S.C. § 2102(a); and if notice is not given, then the employer is liable for back pay to each

2

aggrieved employee for "each day of the violation," 29 U.S.C. § 2104(a). Courts have consistently held that an employer that does not comply with the WARN Act's statutory notice mandate is barred from relying on any WARN statutory defenses as a matter of law and is liable for the full sixty days' wages and benefits for each affected employee. *See, e.g.*, *In re Quantegy, Inc.*, 343 B.R. 689, 695–96 (Bankr. D. Ala. 2006); *In re Tweeter Opco, Inc.*, 453 B.R. 534, 546–47 (Bankr. D. Del. 2011); *Organogenesis*, 331 B.R. 500 (D. Mass. 2005).

On July 14, 2022, Plaintiff applied for entry of default (Doc. 5) and also filed a Motion for default judgment, setting limited discovery and a hearing on damages (Doc. 6).

On July 15, 2022, the Clerk entered a default against Defendant (Doc. 7).

On August 16, 2022, this Court entered a notice of hearing on Plaintiffs' Motion for default. The hearing was set for September 9, 2022.

On September 6, 2022, Plaintiff's counsel filed a declaration in support of default judgment and damages (Doc. 8).

On September 9, 2022, this Court expressed concerns that a class had not been certified and later entered an Order granting Plaintiff leave to file supplemental materials by October 10, 2022.

Plaintiff then filed a motion to extend the time period to submit supplemental materials through and including October 20, 2022 (Doc. 13). This motion was granted on October 11, 2022.

On October 20, 2022, Plaintiff filed a motion for class certification (Doc. 14). The WARN Act allows a person seeking to enforce WARN liability to sue on behalf of other persons similarly situated. 29 U.S.C. § 2104(a)(5).

On November 1, 2022, this Court held a hearing on the motion for class certification. During the hearing, this Court signaled the motion for class certification should be granted.

On November 3, 2022, this Court entered an Order certifying a class pursuant to Federal Civil Rule 23 comprised of all former employees of Defendant who worked at, or reported to, or were assigned work from the facility located at 1250 Geneva Boulevard, Defiance, OH 43512 (the "Facility") and were terminated, without cause on their part, on or about March 2, 2022 and thereafter, who do not file a timely request to opt-out of the class (the "Class"); (b) appointing Plaintiff as Class Representative; (c) appointing The Gardner Firm, P.C., Lankenau & Miller, LLP and Brennan, Manna & Diamond, LLC as Class Counsel; (d) approving the form and manner of Notice to the Class. (Doc. 15)

Notice to the class was to be mailed within ten days of entry of the Order and any Class members who wished to opt-out were to complete and submit an opt-out form (included with the Class Notice) no later than thirty-five days after the date of mailing. All requests for exclusion received after that date would not be effective, and any person who sent a late request would be a member of the Class and would be bound in the same way and to the same extent as all other Class Members. (Id.)

As shown in the Declaration of Class Counsel (Doc. 16-1), this Court-approved Class Notice was mailed to the Class members on November 11, 2022 and contained an opt-out deadline of December 16, 2022. Only one Class member (Mackenzie R. Monteith) chose to exclude by submitting a timely opt-out form to Class Counsel.

On December 20, 2022, this Court entered an Order denying the motion for default without prejudice and permitting Plaintiff to renew the damages request following establishment of Class membership.

On March 1, 2023, Plaintiff filed a renewed motion for default, with supporting evidence, following class certification (Doc. 16).

In the renewed motion, Plaintiff seeks WARN Act pay for herself and each of the Class members, as reflected on the Class spreadsheet (Doc. 16-3). Plaintiff's renewed request for damages reasonably demonstrates that the Class WARN Act wages owed under 29 U.S.C. § 2104(a)(1)(A) of the WARN Act are, in the aggregate, Two Million Four Hundred Three Thousand Six Hundred Sixty-Seven Dollars and Ninety-Eight Cents ($2,403,667.98) (*see* Doc. 16-3).

Accordingly, this Court awards, and judgment is entered, in favor of the Plaintiff Class in the aggregate amount of Two Million Four Hundred Three Thousand Six Hundred Sixty-Seven Dollars and Ninety-Eight Cents ($2,403,667.98).

IT IS SO ORDERED.

s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

March 29, 2023